IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-629-SLR |
| | ) |
| CITY OF WILMINGTON, POLICE | ) |
| OFFICER RILEY, and POLICE | ) |
| OFFICER KIMBERLY DONAHUE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this \16th day of November, 2010, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the claims against the City of Wilmington are dismissed as frivolous pursuant to 28 U.S.C. § 1915, and plaintiff may proceed against the remaining defendants for the reasons that follow:

1. **Background.** Plaintiff Christopher J. Ware ("plaintiff") filed this civil action on July 26, 2010, alleging civil rights violations pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal

conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff's claims arise from actions taken by defendant police officers during their investigation of a suspected break-in at plaintiff's residence. Plaintiff alleges the police officers violated his rights against unlawful search and seizures and that they used excessive force. He also names as a defendant the City of Wilmington, Delaware.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

7. **Municipal Liability**. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

8. Plaintiff has not alleged an unconstitutional policy or custom or pled that the City of Wilmington was the "moving force" behind any alleged constitutional violation. Indeed, the complaint contains absolutely no allegations against the City of Wilmington, and it is named only in the caption of the complaint. Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to plaintiff, his § 1983 claim against it cannot stand. The claim against the City of Wilmington is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

9. **Conclusion**. For the above reasons, the claims against the City of Wilmington are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court has identified what appear to be cognizable and non-frivolous claims within the meaning

-4-

of 28 U.S.C. § 1915 against defendants police officer Riley and police officer Kimberly Donahue.  Plaintiff **may proceed** against them.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1), and (j)(2), plaintiff shall complete and return to the clerk of the court **original** "U.S. Marshal-285" forms **for remaining defendants police officer Riley and police officer Kimberly Donahue, as well as the chief executive officer for the City of Wilmington, Delaware.  Plaintiff shall also provide the court with copies of the complaint (D.I. 2) for service upon remaining defendants and the chief executive officer for the City of Wilmington, Delaware.** Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint have been received by the Clerk of Court.  **Failure to provide complete "U.S. Marshal 285" forms and the necessary service copies for defendants and the chief executive officer of the City of Wilmington, Delaware within 120 days of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form. All costs of service shall be advanced by the United States.

4. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. Plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1 and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the U.S. Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE