IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER J. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-629-SLR |
| | ) | |
| POLICE OFFICER KIMBERLY DONAHUE and POLICE OFFICER TODD RILEY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Christopher J. Ware, Wilmington, Delaware. Pro Se Plaintiff.

Daniel Foster McAllister, Esquire, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: December __, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Christopher J. Ware ("plaintiff"), who proceeds pro se, filed this lawsuit alleging violations of his constitutional rights pursuant to 42 U.S. C. § 1983. He also raises supplemental claims. Plaintiff has been granted leave to proceed without prepayment of fees. (See D.I. 4) Presently before the court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) filed by defendant Kimberly Pfaff (née Donohue) ("defendant"). (D.I. 20) The court has jurisdiction pursuant to 28 U.S.C. § 1331. Also before the court are two discovery motions filed by defendants. For the reasons discussed, the court will deny the motion the dismiss and will grant the discovery motions.

## II. BACKGROUND

The court screened the case and dismissed all claims against the City of Wilmington. (See D.I. 5) Plaintiff's claims arise from actions taken by defendant police officers during their investigation of a suspected break-in at plaintiff's residence following the triggering of an alarm system. Plaintiff is not the owner of the property. Police entered the premises and plaintiff heard them but chose not to announce his presence because the home was dark and he did not wish to alarm the police. Four officers, with their sidearms drawn, kicked open plaintiff's bedroom door. Plaintiff recognized two of the officers and identified himself. Defendant stated to the officers that plaintiff was a bail bondsman and that she did not think highly of him.

Plaintiff was naked and asked to dress, but his request was denied. Plaintiff provided the officers his driver's license to verify his identity. In addition, plaintiff telephoned the owner of the property to confirm his identify and handed the telephone

to a police officer. During this time, defendant seized plaintiff's business card holder, rifled through its contents, and tossed them on the floor. The complaint alleges that, while the property (i.e., business card holder) may have been in plain sight, its contents were not. Plaintiff alleges defendant violated his rights against unlawful search and seizure and that defendant police officer Todd Riley ("Riley") used excessive force.[1]

### III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the

---

[1] Defendants do not move to dismiss the excessive force claim raised against Riley.

facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant moves for dismissal on the grounds that the complaint fails to state a claim upon which relief can be granted. (D.I. 10, 11)

## IV. DISCUSSION

The complaint alleges that defendant Donahue conducted an unlawful search of plaintiff's business card holder in violation of his constitutional rights. Defendant argues that, even assuming the allegations are true, the claim fails as a matter of law because plaintiff has not alleged any unlawful activity.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

"[T]he Fourth Amendment protects two types of expectations, one involving searches, and the other seizures. A search occurs when an individual's reasonable expectation of privacy is infringed. A seizure of property occurs where there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty.,* 506 U.S. 56, 63 (1992) (internal quotations and citations omitted). Thus, in order to state a Fourth Amendment claim for unreasonable search, a plaintiff must show that the defendant's actions 1) constituted a search within the meaning of the Fourth Amendment, and 2) were unreasonable in light of the surrounding circumstances. *Lease v. Fishel,* 2011 WL 381656 at *3 (M.D. Pa. Jan. 28, 2011) (citing *Brower v. County of Inyo,* 489 U.S. 593, 595-600 (1989)). "What is 'reasonable' depends upon all of the circumstances surrounding the search and the nature of the search itself." *Id.* (citing *United States v. Montoya de Hernandez,* 473 U.S. 531, 537 (1985) (citations omitted)). It is a basic principle of Fourth Amendment law, however, that "searches and seizures inside a home without a warrant are presumptively unreasonable." *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) (quoting *Groh v.*

*Ramirez,* 540 U.S. 551, 559 (2004) (internal quotation marks omitted). *See Mincey v. Arizona,* 437 U.S. 385, 393-394 (1978) ("warrants are generally required to search a person's home or his person unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment") (internal quotations omitted). There are several established exceptions to the warrant requirement, including exigent circumstances.[2] *Steagald v. United States,* 451 U.S. 204, 211 (1981). Regardless of whether an exception applies, a warrantless search generally must be supported by probable cause. *New Jersey v. T.L.O.,* 469 U.S. 325, 340 (1985).

Here, plaintiff alleges that the police officers responded after the alarm system triggered. When they entered the premises, plaintiff recognized two of the police officers and defendant identified plaintiff as a bail bondsman. Plaintiff called the owner of the premises to confirm his identity and handed the telephone to one of the officers. In addition, he provided his driver's license to the police which listed the address of the property. Construing these assertions in a light most favorable to plaintiff, as the court must, it can reasonably be inferred that defendant had no reason to search plaintiff's business card holder; i.e., plaintiff's identify had been independently established.

Defendant nevertheless argues that exigent circumstances existed that rendered the search reasonable under the Fourth Amendment. *See Mincey v. Arizona,* 437 U.S.

---

[2]Exigent circumstances exist where "officers reasonably . . . believe that someone is in imminent danger." *Parkhurst v. Trapp,* 77 F.3d 707, 711 (3d Cir. 1996). For example, a search may be justified based on exigent circumstances by "hot pursuit of a fleeing felon," "imminent destruction of evidence," or "the need to prevent a suspect's escape." *Minnesota v. Olson,* 495 U.S. 91, 100 (1990).

at 393–94. Defendant argues that the entire investigation turned on plaintiff's identity and whether he was a resident of the house. More particularly, she argues that plaintiff was hiding when the officers arrived on the premises and this, coupled with his oral identification and statements that he was rightfully in the house, justified the search of the business card holder as a reasonable step to corroborate or disprove plaintiff's version of events and whether a burglary was in progress. Defendant posits that, because the exigent circumstances of an activated security alarm justified the warrantless entry into the house, even if she rifled through the business card holder, it was merely a continuation of the search of the house.

Defendant's assertion that plaintiff was hiding are outside the complaint, not properly considered by the court, and are not supported by any facts of record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (in resolving a 12(b)(6) motion, courts are generally to consider only the allegations set forth in the complaint, any exhibits submitted with the complaint and matters of public record). Indeed, nowhere in the complaint does it alleges that plaintiff was hiding from the officers; this is merely defendant's interpretation of the facts as alleged. In addition, defendant makes no mention of the allegations in the complaint that she knew plaintiff and identified him. While it may be that defendant will ultimately be able to provide evidence to justifying the warrantless search of plaintiff's personal property, at this juncture, her argument that such circumstances existed does not suffice to overcome the allegations in the complaint.

For the above reasons, the court will deny defendant's motion to dismiss.

## V. DISCOVERY MOTIONS

### A. Scheduling Order

Defendants' motion to vacate the case scheduling order will be granted to the extent that certain deadlines are extended. (D.I. 19) The scheduling order will be amended to extend discovery and dispositive motion deadlines.

### B. Motion to Quash Subpoenas

The City of Wilmington's and defendants' motion to quash subpoenas will be granted. (D.I. 20) Plaintiff served a subpoena upon the City of Wilmington Police Department on November 29, 2011 seeking all digital and written dispatch and/or reports relating to the false alarm, as well as police notes. On the same day, he served a subpoena upon the City of Wilmington Office of Professional Responsibility seeking all citizen and internal complaints filed against Riley and Donahue, as well as all official police policies pertaining to the use of a trachea hold.

As discussed above, the discovery deadline will be extended. Defendants advise the court that the information sought by plaintiff is under the control of the parties to the case. Hence, the Federal Rules of Civil Procedure apply and plaintiff make obtain discovery pursuant to said rules. In the event that plaintiff seeks discovery that is not under defendants' control, then he may subpoena discovery from non-parties pursuant to Fed. R. Civ. P. 45.

## VI. CONCLUSION

For the reasons discussed above, the court will deny defendant's motion to dismiss. (D.I. 10) In addition, the court will grant defendants' motion to vacate the scheduling order to the extent that it will amend the discovery and dispositive motion

7

deadlines. (D.I. 19) Finally, the court will grant the motion to quash subpoenas. (D.I. 20)

    An appropriate order will be entered.