IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-629-SLR |
| | ) |
| POLICE OFFICER RILEY and POLICE OFFICER DONOHUE, | ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September, 2013, having reviewed defendants' motion *in limine*;

IT IS ORDERED that said motion (D.I. 74) is granted, for the reasons that follow:

1. On August 6, 2012, after the discovery deadline had passed, plaintiff responded to several discovery requests issued by defendants, producing some medical records and alleging that he experiences a multitude of emotional injuries which are a direct result of defendants' conduct at issue. Plaintiff has not identified any experts to testify regarding these matters.

2. Because the medical records were produced after the close of discovery, such records cannot be introduced at trial, as defendants did not have the opportunity to test during discovery either the relevance or authenticity of the documents. Moreover, evidence of psychiatric injury (beyond an allegation of mere "distress") may not be introduced without an expert witness to testify about diagnosis and causation.

*See Ferris v. Pa. Fed'n Broth. of Maint. of Way Emples.,* 153 F. Supp. 2d 736, 746 (E.D. Pa. 2001). As plaintiff never identified an expert witness during the course of discovery, he is precluded from introducing such at trial.

_____
United States District Judge